**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Lead Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund and the Settlement Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE DOXIMITY, INC. SECURITIES LITIGATION | Case No. 5:24-cv-02281-NW<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Judge: Hon. Noël Wise<br>Courtroom: 3, Fifth Floor<br>Date: June 10, 2026<br>Time: 9:00 a.m. |

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... ii

ARGUMENT .......... 1

I. The Settlement Class's Positive Reaction Supports Approval of The Motions .......... 1

A. The Robust Court-Approved Notice Program .......... 1

B. The Reaction of the Settlement Class Supports Approval of the Settlement .......... 3

C. The Settlement Class's Reaction Supports Approval of the Fee and Expense Request .......... 4

II. Claim Process .......... 5

CONCLUSION .......... 6

APPENDIX A .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acosta v. Frito-Lay, Inc.*,
2018 WL 2088278 (N.D. Cal. May 4, 2018) ....................4

*In re Apollo Grp. Inc. Sec. Litig.*,
2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ....................3

*In re Bisys Sec. Litig.*,
2007 WL 2049726 (S.D.N.Y. July 16, 2007) ....................5

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
2017 WL 2481782 (N.D. Cal. June 8, 2017) ....................4

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566, 575 (9th Cir. 2004) ....................4

*Destefano v. Zynga, Inc.*,
2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ....................3, 4

*In re Extreme Networks, Inc. Sec. Litig.*,
2019 WL 3290770 (N.D. Cal. July 22, 2019) ....................4

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018) ....................4

*Giroux v. Essex Prop. Tr., Inc.*,
2019 WL 2106587 (N.D. Cal. May 14, 2019) ....................3

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. June 10, 2005) ....................4

*In re Nuvelo, Inc. Sec. Litig.*,
2011 WL 2650592 (N.D. Cal. July 6, 2011) ....................4

*Pokorny v. Quixtar, Inc.*,
2013 WL 3790896 (N.D. Cal. July 18, 2013) ....................4

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ....................5

*Taafua v. Quantum Glob. Techs., LLC*,
2021 WL 579862 (N.D. Cal. Feb. 16, 2021) ....................3

*Vataj v. Johnson*,
2021 WL 5161927 (N.D. Cal. Nov. 5, 2021) ....................3

**OTHER AUTHORITIES**

*In re Grand Canyon Educ., Inc. Sec. Litig.*,
No. 20-639-JLH-CJB, Memorandum (D. Decl. Aug. 22, 2025), ECF No. 158 ........................5

*Okla. Firefighters Pension & Ret. Sys v. Six Flags Entm't Corp.*,
No. 4:20-cv-00201-P, Motion (N.D. Tex. Feb. 13, 2026), ECF No. 157 .................................5

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
No. 3:18-cv-02902-WHA, Post-Distribution Accounting
(N.D. Cal. Feb. 16, 2023), ECF No. 451 ......................................................................5

Lead Plaintiff New York City District Council of Carpenters Pension Fund, on behalf of itself and the Settlement Class, and Lead Counsel respectfully submit this reply brief in further support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 104), and (ii) Lead Counsel's motion for an award of attorneys' fees and litigation expenses (ECF No. 105) (together, the "Motions").[1]

## ARGUMENT

### I. The Settlement Class's Positive Reaction Supports Approval of The Motions

In their opening papers, Lead Plaintiff and Lead Counsel demonstrated why the proposed $31 million Settlement satisfies the criteria for final approval of a class action settlement and the request for attorneys' fees and Litigation Expenses is fair and reasonable. Since then, the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data") has completed an extensive notice program undertaken in accordance with the Court's Preliminary Approval Order. In response to this notice program, no Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses. In addition, just two requests for exclusion from the Settlement Class have been received. As discussed further below, this overwhelmingly positive reaction by the Settlement Class represents a significant endorsement of all aspects of the Motions.

#### A. The Robust Court-Approved Notice Program

Pursuant to the Court's Preliminary Approval Order, A.B. Data conducted an extensive notice program under Lead Counsel's supervision, which included mailing the Notice and Claim Form (together, the "Notice Packet") to 213,216 potential Settlement Class Members and their nominees, publishing the Summary Notice in the *Wall Street Journal* and over the *PR Newswire*, and posting relevant information and documents on a dedicated case website, www.DoximitySecuritiesLitigation.com. *See* Supplemental Declaration of Eric Miller, attached as

[1] Unless otherwise defined in this memorandum, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement, dated December 24, 2025 (ECF No. 98-1) (the "Stipulation").

Ex. 1 (“Supp. Miller Decl.”), ¶ 2; Declaration of Eric Miller (ECF No. 106-4) (“Initial Miller Decl.”), ¶¶ 9, 11.

A.B. Data began mailing the Notice Packet to potential Settlement Class Members on March 18, 2023. *See* Initial Miller Decl. ¶¶ 3-5. As of June 3, 2026, A.B. Data had mailed a total of 213,216 Notice Packets. *See* Supp. Miller Decl. ¶ 2. Of that number, 38 Notice Packets, or less than 0.018%, were returned as undeliverable, with no alternative address found. This is substantially less than the undeliverable rate in other cases with comparable notice programs. *See* Supp. Miller Decl. ¶ 3.

The Notice to the Settlement Class Members informed them of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys’ fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $850,000. *See* Notice (Initial Miller Decl., Ex. A) ¶¶ 5, 57. The Notice also advised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys’ fees and expenses, or request exclusion from the Settlement Class, and the May 20, 2026 deadline for doing so. *See id*. at 2, ¶¶ 59, 67-68.

On May 6, 2026, two weeks prior to the objection and exclusion deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. These papers are available on the public docket (ECF Nos. 104-06) and were promptly posted to the case website, *see* Supp. Miller Decl. ¶ 5, as well as Lead Counsel’s website, www.blbglaw.com. In addition, notice of the Settlement was also provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

Following the extensive notice program, no Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel’s motion for attorneys’ fees and Litigation Expenses (or commented on those motions). Two individual investors have requested exclusion from the Settlement Class and collectively they reported only 250 shares of Doximity common stock purchased during the Class Period. *See* Supp. Miller Decl. ¶ 6 and Exs. 2, 3.

### B. The Reaction of the Settlement Class Supports Approval of the Settlement

As set forth in Lead Plaintiff's opening motion, the Settlement was achieved after more than two years of hard-fought litigation, which included extensive motion practice and discovery. The Settlement is an excellent result for the Settlement Class, providing an immediate and meaningful recovery without the risks and delay of protracted litigation. *See* Settlement Motion (ECF No. 104) at 9-17.

The Ninth Circuit instructs district courts to consider the reaction of the class in determining whether to approve a class action settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Here, the absence of any objections along with the low number of requests for exclusion further support a finding that the proposed Settlement is fair, reasonable, and adequate. *See, e.g., Vataj v. Johnson*, 2021 WL 5161927, at *7 (N.D. Cal. Nov. 5, 2021) (the "absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *Taafua v. Quantum Glob. Techs., LLC*, 2021 WL 579862, at *7 (N.D. Cal. Feb. 16, 2021) ("The lack of objections and low number of requested exclusions . . . indicates support among the class members and weighs in favor of approving the settlement."); *Giroux v. Essex Prop. Tr., Inc.*, 2019 WL 2106587, at *5 (N.D. Cal. May 14, 2019) ("The Court finds that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.").

Further, the absence of objections from any institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is additional evidence of the Settlement's fairness. *See, e.g., In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated

institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."), *aff'd*, 822 Fed. App'x 40 (2d Cir. 2020); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger").

### C. The Settlement Class's Reaction Supports Approval of the Fee and Expense Request

As set forth in the opening papers, Lead Counsel requests attorneys' fees of 25% of the Settlement Fund. The requested fee is consistent with the Ninth Circuit's benchmark fee award, is well within the range of fees awarded in comparable cases, and is supported by the significant time and effort expended by Plaintiffs' Counsel in this matter. *See* Fee Motion (ECF No. 105), at 5-7, 14-17; *see also id.* at 6 (citing, among other cases, *Pokorny v. Quixtar, Inc.*, 2013 WL 3790896, at *1 (N.D. Cal. July 18, 2013) ("The Ninth Circuit uses a 25% baseline in common fund class actions, and 'in most common fund cases, the award exceeds that benchmark,' with a 30% award the norm 'absent extraordinary circumstances that suggest reasons to lower or increase the percentage.'")).

The absence of any objections to the requested attorneys' fees and Litigation Expenses further supports a finding that the request is fair and reasonable. *See, e.g.*, *Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members . . . supports the finding that Plaintiffs' request is reasonable."); *Destefano*, 2016 WL 537946, at *18 ("the lack of objection by any Class Members" supported the fee requested); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (finding only one objection to the fee request to be "a strong, positive response from the class, supporting an upward adjustment of the benchmark [fee award]"); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *21 (C.D. June 10, 2005) ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

As with approval of the Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive", but did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive.").

## II. Claim Process

The Notice informed potential Settlement Class Members that if they wished to participate in the Settlement they must submit a Claim Form to A.B. Data, with supporting documentation, postmarked (if mailed) or received by July 16, 2026. *See* Notice at 2, ¶¶ 32, 45; Claim Form at 1, 9. The deadline for submission of claims is still more than six weeks away, and in the experience of Lead Counsel and A.B. Data, a large majority of claimants, particularly claimants who file electronic claims, will submit their claims on or shortly before the deadline. *See* Supp. Miller Decl. ¶ 7. To date, A.B. Data has received 1,582 claims, either by mail or electronically. *Id*. However, as noted, because the claim filing deadline is more than six weeks away, this current number provides no reflection on the total number of claims expected to be received. In the experience of Lead Counsel, the claims filed in cases of this nature typically include the overwhelming majority of the damaged shares. *See, e.g., Okla. Firefighters Pension & Ret. Sys v. Six Flags Entm't Corp.*, No. 4:20-cv-00201-P, Motion at 5 (N.D. Tex. Feb. 13, 2026), ECF No. 157 (claims accounted for 84% of damaged shares); *In re Grand Canyon Educ., Inc. Sec. Litig.*, No. 20-639-JLH-CJB, Memorandum at 1 (D. Decl. Aug. 22, 2025), ECF No. 158 (claims accounted for 97% of damaged shares); *SEB Inv. Mgmt. AB v. Symantec Corp.*, No. 3:18-cv-02902-WHA, Post-Distribution Accounting at 1 (N.D. Cal. Feb. 16, 2023), ECF No. 451 (claims accounted for 96% of damaged shares).

## CONCLUSION

For the foregoing reasons and the reasons set forth in their opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation, and approve the motion for attorneys' fees and litigation expenses. Attached as Appendix A to this Memorandum is a checklist that summarizes the Motions' compliance with the Northern District of California's Procedural Guidance for Class Action Settlements. Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4, respectively, and will be submitted to the Court's email in Word format.

Dated: June 3, 2026

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ *Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*-and-*

John Rizio-Hamilton (*Pro Hac Vice*)
johnr@blbglaw.com
Timothy Fleming (*Pro Hac Vice*)
timothy.fleming@blbglaw.com
Sarah Schmidt (*Pro Hac Vice*)
sarah.schmidt@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400

*Lead Counsel for Lead Plaintiff New York City District Council of Carpenters Pension Fund and the Settlement Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000

*Local Counsel for Lead Plaintiff and the Settlement Class*

## APPENDIX A

## CHECKLIST FOR N.D. CAL. PROCEDURAL GUIDANCE FOR CLASS ACTION SETTLEMENTS

## FINAL APPROVAL PAPERS

| N.D. Cal. Procedural Guidance Provision | Where Discussed in Papers |
| --- | --- |
| **1) CLASS MEMBERS' RESPONSE**—The motion for final approval briefing should include information about | |
| the number of undeliverable class notices and claim packets, | Reply Memo at 2:5-8; Supp. Miller Decl. ¶ 3. |
| the number of class members who submitted valid claims, | Reply Memo at 5:17-19; Supp. Miller Decl. ¶ 7. |
| the number of class members who opted out, and | Reply Memo at 1:14-15, 2:25-27; Supp. Miller Decl. ¶ 6. |
| the number of class members who objected to or commented on the settlement | Reply Memo at 1:12-14, 2:23-25. |
| **2) ATTORNEYS' FEES**—All requests for approval of attorneys' fees must include detailed lodestar information, even if the requested amount is based on a percentage of the settlement fund. Declarations of class counsel as to the number of hours spent on various categories of activities related to the action by each biller, together with hourly billing rate information may be sufficient, provided that the declarations are adequately detailed. Counsel should be prepared to submit copies of detailed billing records if the court orders. | Fee Motion (ECF No. 105), at 15:5 – 17:26; Uslaner Decl. (ECF No. 106), at ¶¶ 107-110.<br><br>Uslaner Fee Decl. (ECF No. 106-6), at ¶¶ 3-14, 20, and Ex. 1 (summary lodestar chart with rates), Ex. 2 (breakdown of hours by major litigation task).<br><br>Kaplan Fee Decl. (ECF No. 106-7), at ¶¶ 2-6, and Ex. 1 (summary lodestar chart with rates), Ex. 2 (breakdown of hours by major litigation task). |
| **3) SERVICE AWARDS**—All requests for service awards must be supported by evidence of the value provided by the proposed awardees, the risks they undertook in participating, the time they spent on the litigation, and any other justifications for the awards. | Fee Motion (ECF No. 105) at 20:9 – 21:20; Cuggy Decl. (ECF No. 106-2), at ¶¶ 5, 9-12. |

| N.D. Cal. Procedural Guidance Provision | Where Discussed in Papers |
|---|---|
| **4) ELECTRONIC VERSIONS**—Electronic versions (Microsoft Word or Word Perfect) of all proposed orders and judgments should be submitted to the presiding judge's Proposed Order (PO) email address at the time they are filed. | The proposed Judgment, proposed Order Approving Plan of Allocation of Net Settlement Fund, and proposed Order Awarding Attorneys' Fees and Litigation Expenses will be emailed in Word format to nwpo@cand.uscourts.gov. |